```
BROWN WHITE & NEWHOUSE LLP
THOMAS M. BROWN (Bar No. 117449)
tbrown@brownwhitelaw.com
SYDNEY M. MEHRINGER (Bar No. 245282)
smehringer@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213. 613.0500
Facsimile:  213.613.0550

Attorneys for Plaintiff and Counter-Defendant
SUPREME FOODSERVICE, GMBH
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPREME FOODSERVICE GMBH, a Swiss Corporation,<br><br>   Plaintiff and<br>   Counter-defendant,<br><br>v.<br><br>FLUOR INTERCONTINENTAL, INC. a California Corporation, FLUOR FEDERAL SERVICES INC., a Washington Corporation, and FLUOR CORPORATION, a Delaware Corporation,<br><br>   Defendants and<br>   Counter-Claimants. | Case No.: CV 11-8803 SVW (FFMx)<br><br>**[PROPOSED] ORDER RE: STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY**<br><br>**NOTE CHANGES MADE BY THE COURT** |

Based on the Stipulated Protective Order entered into by and between Supreme FoodService GmbH ("Plaintiff and Counter-Defendant ") and Fluor Intercontinental, Inc., Fluor Federal Services, and Fluor Corporation ("Defendants and Counter-Claimants") and for good cause shown:

**IT IS HEREBY ORDERED THAT:**

1.  The Stipulated Protective Order is approved.

2.  In the course of this action, the parties may propound discovery that seeks information that is regarded by at least one party hereto as sensitive, proprietary, trade secret or otherwise confidential (the "Confidential material" or "Confidential information").

3.     A party's assent to this Protective Order shall not be deemed an admission that any discovery propounded is appropriate or that any other party's information is truly sensitive, proprietary, trade secret or otherwise confidential, but merely that such other party regards the information so designated as such.

4.     The parties hereto agree that the Confidential material obtained through the pre-trial phase of this action should be protected from unwarranted use or disclosure to third parties and shall be used solely for the purposes of this litigation.

5.     This Protective Order shall govern the handling of all documents and information exchanged during the course of this litigation that a party designates as "Confidential" or "Confidential – Attorneys' Eyes Only".

### I.     "CONFIDENTIAL" DESIGNATION

5.     Designation of Material

5.1     Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any documents, things, discovery responses, trial or deposition testimony, or other material that contains information, within either of the above designations, as hereinafter defined.

5.2     Any party or non-party may designate as "Confidential" any document or portion thereof that contains or discloses any of the following:

(a)     Nonpublic inside information, private individual financial information, confidential and/or commercially sensitive information, personnel files and other sensitive or proprietary information, including, but not limited to, information that has not been made public or disclosed to third parties and that concerns or relates to the process, operations, type of work or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventions, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing

1  harm to the competitive position of the person, firm, partnership, corporation or
2  organization from which the information is obtained; and
3         (b)    Information that the party or non-party is under a duty to preserve as
4  confidential under an agreement with or other obligation to another person.
5    5.3   Any party or non-party may designate as "Confidential – Attorneys' Eyes
6  Only" any document or portion thereof that contains or discloses any sensitive
7  Confidential information that any party to the litigation or any producing party contends
8  contains trade secrets, business strategies or other sensitive, proprietary, private or
9  financial information, which, if disclosed to third parties, would or could cause damage
10 to a party's competitive position in the market(s) in which the party operates.
11   5.4   The terms "Confidential material" and "Confidential information" as used
12 in this Protective Order shall refer to the original and copies of any so designated
13 document, **deposition (FFM)** testimony or other discovery material, and shall also refer
14 to the information contained in such material.  All notes, extracts and summaries of
15 such Confidential material shall be considered confidential and be subject to the terms
16 of this Protective Order.
17   5.5   In designating information as "Confidential" or "Confidential – Attorneys'
18 Eyes Only," (a) a party or non-party entity shall make such a designation only as to
19 material that the party or non-party entity in good faith believes constitutes matter used
20 by it in, or pertaining to, its business and is not generally known or otherwise available
21 to the public, which the party or non-party entity would normally not reveal to third
22 parties or would cause third parties to maintain in confidence, or (b) if a non-party
23 individual makes such a designation as to material that the non-party individual in good
24 faith believes constitutes matter used by him or her, or pertaining to him or her, and is
25 not generally known or otherwise available to the public, which the non-party
26 individual would normally not reveal to third parties or would cause third parties to
27 maintain in confidence.  The party designating materials as "Confidential" or

"Confidential – Attorneys' Eyes Only" bears the burden of establishing confidentiality in any proceedings in which the opposing party challenges that designation.

5.6   Discovery material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be subject to the provisions of this Protective Order, and pending further order of the Court, shall be maintained in confidence by the receiving party(ies) (or other authorized person to whom such material is produced or given) as provided herein.

6.   Restriction on Use and Disclosure of Designated and Non-Designated Materials

6.1   Absent a specific order of this Court, material designated "Confidential" or "Confidential – Attorneys' Eyes Only" and any information derived therefrom, shall be used by the parties solely in connection with this litigation, and not for any business, competitive or other purpose, and such information shall not be disclosed to anyone except as provided herein.

6.2   Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "Confidential" or "Confidential – Attorneys' Eyes Only" designated material.  No copies of materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be made except by or on behalf of counsel for the parties.

6.3   A receiving party may disclose documents marked "Confidential" only to the following persons:

(a)   Counsel of record in this action, including attorneys, legal assistants, paralegals, law clerks, and clerical staff, and outside vendors (such as copy services and attorney services);

(b)   The Court, its officers and employees, and court reporters, videographers, and interpreters at depositions and/or in court;

1
2
3
    (c) Potential witnesses whom counsel of record may deem necessary or appropriate to interview and/or depose in this action, but only to the extent necessary for purposes of this litigation;

4
5
6
    (d) The receiving party or representatives of a receiving party, including officers, directors, and employees of the receiving party who may review the information in connection with this action;

7
8
9
10
    (e) Non-party experts or other consultants who are not affiliated with a party and who are expressly engaged by counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work; and

11
12
    (f) Any other person as to whom the producing party agrees in writing in advance of any disclosure.

13
14
15
16
17
18
19
20
  Documents containing Confidential information may be disclosed to persons listed in (c) and (e) of this paragraph only after such person has been shown a copy of this Stipulation and Protective Order, has been advised of the terms and operations of this Protective Order, and has agreed to be bound by the terms of this Protective Order by signing a Written Assurance attached hereto as Exhibit A; provided, however, that any party who designated the document "Confidential" or "Confidential – Attorneys' Eyes Only" may disclose such documents to any persons, with or without any conditions to such disclosure as it deems appropriate.

21
22
  6.4 A receiving party may disclose "Confidential – Attorneys' Eyes Only" material only to the following persons:

23
24
25
    (a) Counsel of record in this action, including attorneys, legal assistants, paralegals, law clerks, and clerical staff, and outside vendors (such as copy services and attorney services);

26
27
    (b) The Court, its officers and employees, and court reporters, videographers, and interpreters at depositions and/or in court; and

28

(c) Non-party experts or other consultants who are not employed by a party or subsidiary or parent of party, and who are expressly engaged by counsel to provide either expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work; and provided that such experts and consultants have been certified by the party hiring them that they do not work for and are not engaged by a competitor of any party to this action.

Documents marked "Confidential – Attorneys' Eyes Only" may be disclosed to persons listed in (c) of this paragraph only after such person has been shown a copy of this Stipulation and Protective Order, has been advised of the terms and operations of this Protective Order, and has agreed to be bound by the terms of this Protective Order by signing a Written Assurance attached hereto as Exhibit A; provided, however, that any party who designated the document "Confidential" or "Confidential – Attorneys' Eyes Only" may disclose such documents to any persons, with or without any conditions to such disclosure as it deems appropriate.

7. The recipient of any Confidential material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

8. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and relying generally on examination of Confidential material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose details of "Confidential – Attorneys' Eyes Only" material.

9. Inadvertent Disclosure or Failure to Mark or Designate

9.1 Inadvertent production of material subject to the attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute a

1  waiver of any privilege or immunity provided that the producing or designating party
2  notifies the receiving party(ies) in writing promptly after discovery of such inadvertent
3  production.  Such inadvertently produced material, and any copies that may have been
4  made of such material, shall be returned to the producing party upon request within ten
5  (10) days.  No use shall be made of such material during a deposition or at trial, nor
6  shall such material be shown to anyone who has not already been given access to it
7  subsequent to the request for its return.  *See* Fed. R. Evid. 502.

8        9.2    In the event of any disclosure or use of Confidential material, other than in
9  the manner authorized by this Protective Order (or subsequent Court order), counsel for
10 the party responsible for the disclosure or use shall immediately notify counsel of the
11 party who produced and/or designated the material of the facts and circumstances of
12 such disclosure or use, including the identity of the unauthorized recipient(s) and the
13 specific material disclosed to such person, and shall make every effort to prevent further
14 unauthorized disclosure or use by, among other things, retrieving all such disclosed
15 material and copies of such material.

16       Subject to the right of a non-producing party or non-party to designate materials
17 as "Confidential" or "Confidential – Attorneys' Eyes Only," no designation of
18 documents, including the papers served and/or filed in this case, as "Confidential" or
19 "Confidential – Attorneys' Eyes Only," shall be effective unless the word
20 "Confidential" or "Confidential – Attorneys' Eyes Only," or the phrase "Confidential
21 Pursuant To Protective Order" are placed or affixed on such material prior to its
22 production.  In the event that a producing party or non-party inadvertently fails to stamp
23 or otherwise designate a document or other information at the time of its production, or
24 a non-producing party wishes to designate a document or other information, the
25 producing party or non-party may correct its non-designation, or the non-producing
26 party or non-party may make its designation, by written notification to the receiving
27 party(ies), and the receiving party(ies) shall make a reasonable effort to mark the
28 document or information in the manner requested by the designating party and

1  thereafter treat the document or information in accordance with such marking.  The
2  receiving party(ies) and other authorized recipients of such documents and information
3  shall not be responsible for any otherwise proper actions they took with respect to such
4  information before they received notice of the designation.  Any document produced
5  prior to the execution of this Protective Order shall not be treated as "Confidential" or
6  "Confidential – Attorneys' Eyes Only" unless a party otherwise indicates before or after
7  entry of this Protective Order by written notification that the document should be
8  treated as "Confidential" or "Confidential – Attorneys' Eyes Only," according to the
9  terms of this Protective Order.

## II.   PROCEDURE FOR USING CONFIDENTIAL INFORMATION IN DEPOSITIONS

10.   Testimony given at a deposition (including exhibits) may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by an appropriate statement on the record at the time of the giving of such testimony, or within ten (10) days after receipt of the transcript by the counsel for the party whose Confidential material was disclosed at the deposition.  Counsel may designate the transcript, or portions of the transcript, as "Confidential" or "Confidential – Attorneys' Eyes Only" either during the deposition or during the ten (10) day review period by written notification to opposing counsel.  Until expiration of the ten (10) day review period, the entire transcript, including exhibits, shall be deemed "Confidential" or "Confidential – Attorneys' Eyes Only" material.  If there is no statement on the record designating the transcript or any portion of the transcript as "Confidential" or "Confidential – Attorneys' Eyes Only," and if no such designation is made prior to expiration of the ten (10) day review period, the transcript shall not be considered as "Confidential" or "Confidential – Attorneys' Eyes Only," except for designations inadvertently omitted, which may be corrected by written notification as set forth in paragraphs 9.1 and 9.2 of this Protective Order.

### III. FILING MATERIALS UNDER SEAL

11. This Protective Order does not itself permit materials to be filed under seal. Any documents filed under seal must comport with the rules of this Court, in particular, Local Rule 79-5 *et seq.* Nothing in this Protective Order shall prevent any party from filing "Confidential" or "Confidential – Attorneys' Eyes Only" material with the Court for the Court's use in connection with any motions, trial, appeal, or other issues before it. However, all documents or information comprising or containing Confidential information that are filed shall be **submitted for filing** ~~filed~~ (**FFM**) under seal pursuant to the rules of this Court, including Local Rule 79-5 *et seq.* No documents filed under seal shall be made available to third parties or the public except in conformance with Local Rule 79-5.2 and 79-5.3.

### IV. OBJECTIONS TO CONFIDENTIAL INFORMATION

12. In the event that any party objects to the designation of any document, testimony, information or material or portion thereof as "Confidential" and/or "Confidential – Attorneys' Eyes Only," the objecting party may seek modification of the designation in accordance with the following procedure. The party's failure to object shall not constitute an admission of any kind or for any purpose.

(a) The objecting party may notify the designating party, in writing, at any time of its contention that the designation as "Confidential" or as "Confidential – Attorneys' Eyes Only" does not concur with the standards set forth in this Protective Order. The parties shall attempt to resolve such disputes informally and in good faith.

(b) In the event that such disputes are not resolved informally, the Designating Party shall have twenty (20) days from receipt of the notice described in paragraph 12(a) to file a motion in order to obtain a ruling on an expedited basis. If the motion is not filed within twenty (20) days from receipt of notice, the designation as "Confidential" or "Confidential – Attorneys' Eyes Only" shall become void. In the event that the Designating party files a motion to uphold the confidentiality designation, the document shall be submitted in its entirety to the Court for *in camera* inspection.

**Any such motion must comply with Local Rule 37. (FFM)** To maintain the designation as "Confidential" or "Confidential – Attorneys' Eyes Only" and to prevail on a motion to the Court, the Designating Party must show by a preponderance of the evidence that there is good cause for the "Confidential" or "Confidential – Attorneys' Eyes Only" designation. The discovering party shall be entitled to submit a memorandum in opposition to the designating party's motion. Pursuant to this paragraph the Court shall make an independent determination as to whether or not any given document is confidential based upon facts then existing.

(c) Pending resolution of any motion filed pursuant to this paragraph, all documents or discovery material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as such until the Court rules otherwise.

## V. RETURN OF MATERIAL

13. Within thirty (30) days of the conclusion of this litigation, including any post-trial motions or appellate proceedings, counsel of record shall either secure the return of all copies, prints, extracts, summaries, and other reproductions of all Confidential material from all persons to whom the Confidential material was disclosed, and shall return such materials to the disclosing party's counsel of record, or destroy such materials and certify the destruction of the same. Alternatively, documents that have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may be deposited into a mutually agreeable document storage facility. No person may gain access to any of the documents in that storage facility without either the joint approval of the attorneys for the parties or a Court Order. Additionally, the Court will retain jurisdiction to modify and/or enforce the terms of this Protective Order after the disposition of this litigation.

## VI. SCOPE OF THIS PROTECTIVE ORDER

14. This stipulation shall be binding on all parties whose attorneys have signed below. In the event a party retains new or additional counsel during the above-captioned proceedings, this stipulation shall remain in effect against all parties to the

1   stipulation and shall be binding on new counsel.

2   **14A.   Nothing herein shall be construed as relieving anyone subject to this**
3   **order from fully complying with any duly issued subpoena or other court or**
4   **administrative process.  (FFM)**

5   15.   Notwithstanding any other provision of this Protective Order, non-parties, including former officers or former employees of parties, may be examined at a deposition or trial in this action and may testify concerning any document containing Confidential information that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.

16.   Notwithstanding anything to the contrary contained herein, all objections as to the admissibility of evidence of the documents, material or information subject to this Protective Order are reserved and are not waived by any terms of this Protective Order.

17.   Any attorney for any party may furnish Confidential Information to any attorney for a party without waiving the protected status of such Confidential Information.

18.   Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person:  (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under federal law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to federal law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential information governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

19. Designation of material as "Confidential" or "Confidential – Attorneys' Eyes Only" on the face of such material shall have no effect on the authenticity or admissibility of such material at trial.

20. This Protective Order shall not preclude any person from waiving the applicability of this Protective Order with respect to any Confidential information provided by that person, or using any Confidential information provided by that person, or using any Confidential information owned by that person in any manner that person deems appropriate.

21. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any party or person with respect to Confidential information designated by that party.

22. The restrictions set out in the Protective Order shall not apply to any material which: (a) at the time it is provided is available to the public; or (b) after it is provided, becomes available to the public through no act, or failure to act, of the discovering party.

## VII.   SUBMISSION TO THE COURT

23. The parties agree to submit this Protective Order to the Court for adoption as an Order of the Court.

24. Any party may apply to the Court for a modification or amendment to this Protective Order should reasonable good faith efforts to resolve the issue informally prove unsuccessful.

25. This Protective Order is without prejudice to the right of any party to seek relief from the Court, for good cause shown, from any of the provisions contained in paragraphs 1 through 25, inclusive, hereof.

**IT IS SO ORDERED.**

DATED: April 23, 2012

/S/ FREDERICK F. MUMM
HONORABLE FREDERICK F. MUMM
United States Magistrate Judge